FILED

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Waycross Division

2008 SEP -4 PM 1:45

U.S. BANKRUPTCY COURT
BRUNSWICK, GA
SAMUEL L. KAY, CLERK

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| DUSTIN SCOTT LYONS | ) | NUMBER 08-50088 |
| JESSICA LEIGH LYONS | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE

This matter is before me sua sponte. On January 31, 2008, Debtors Dustin Scott Lyons and Jessica Leigh Lyons filed a chapter 7 petition. Their case is dismissed because the Lyonses are not eligible to be debtors under the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Further, the dismissal is with prejudice, because the Lyonses certified that they complied with the pre-petition credit counseling requirement under the Code, when in fact, they did not comply.

Under BAPCPA, "an individual may not be a debtor" unless that individual has received a briefing on opportunities for credit counseling and help with budget analysis from an approved nonprofit budget and credit counseling agency during the 180 days preceding the filing of the bankruptcy case. 11 U.S.C. § 109(h)(1). As I have previously ruled, compliance with

AO 72A
(Rev. 8/82)

§ 109(h)(1) is thus a condition of eligibility to be an individual debtor under Title 11. <u>Clay v. Baxter</u> (<u>In re Clay</u>), No. 05-13977 (Bankr. S.D. Ga. Nov. 9, 2005).

Here, the Lyonses each filed as part of their bankruptcy petition an Exhibit D - Individual Debtor's Statement of Compliance with Credit Counseling Requirement, in which they each certified under penalty of perjury that they had received the required credit counseling within 180 days before the filing of their case. Five days after the filing of their petition, however, the Lyonses each filed a Certificate of Counseling in which a counselor at an approved credit counseling agency certified that the Lyonses received credit counseling by telephone the evening before, on February 4, 2008. The Lyonses thus did not receive credit counseling pre-petition, making them ineligible to be debtors. Further, they falsely certified on Exhibit D that they did receive credit counseling pre-petition.

It is therefore **ORDERED** that the chapter 7 case of Dustin Scott Lyons and Jessica Leigh Lyons is **DISMISSED WITH PREJUDICE,** barring their re-filing of a petition within 180 days of the date of this order.

Dated at Brunswick, Georgia, this 4th day of September, 2008.

JOHN S. DALIS
United States Bankruptcy Judge